UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:17CR3 CEJ/PLC ) ) |
| GWENDOLYN HAMPTON, | ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the United States of America, by and through Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and Thomas C. Albus, Assistant United States Attorney for said District and responds to the Defendant's Motion to Dismiss Count I as follows.

The government agrees with the Defendant that her 2009 Form 1040 was due on April 15, 2010 and that a six-year statute of limitations applies to that offense.  In the present case, the Indictment was filed on January 4, 2017.

In the present case, Defendant Hampton is alleged and in her moving papers apparently does not dispute that she has never filed her 2009 return, when due on April 15, 2010 or at any subsequent time.  Most particularly, the Defendant's position must fail in the present case because, as has been disclosed to Defendant, she is alleged to have made statements to agents of the Internal Revenue Service investigating her 2009 taxes, which statements related to her 2009 taxes, as recently as 2013.  Therefore, according to the holding of the Supreme Court in United States v. Beacon Brass Co., the statute of limitations has been tolled in the present case until at least 2019. 344 U.S. 43, 45-47 (1952).

More broadly, the affirmative acts of evasion alleged in the Indictment are common to all the tax years embraced by that charging document.  That is, Defendant is alleged to have structured her personal finances to conceal income and avoid tax compliance or scrutiny be essentially "living out of the corporation" without establishing personal accounts, employing extensive cash transactions and paying all personal expenses out of her business account.  These acts are alleged to have continued until 2014 and are as relevant to the Defendant's evasion of 2009 taxes as they are to her evasion of 2013 taxes.  See United States v. Anderson, 319 F.3d 1218, 1221 (10th Cir. 2003) (defendant's statute of limitations on 1992 return tolled even when return filed by his subsequent acts of evasion); United States v. Irby, 703 F.3d  280, 283 (5th Cir. 2012) (acts of evasion, including acts concealing income, committed after due date of return tolled statute of limitations for tax evasion beyond due date); United States v. Dandy, 998 F.2d 1344, 1355-56 (6th. Cir. 1993) (statute of limitations did not begin to run until 1985 when Defendant's last evasive acts regarding 1982 tax liability occurred).

United States v. Williams, cited by Defendant, is not persuasive.  928 F.2d 145, 149-150.  In Williams, the Court of Appeals rejected Defendant's contention that the statute of limitations began to run before his 1983 tax return was due when the last act of evasion occurred.  In that case, the Court held the statute begins to run on the date the return was due, April 15, 1984, Id.  The present case, in which acts of evasion for 2009 are alleged to have occurred well after April 15, 2010, is controlled by Beacon Brass Co.

At trial, Defendant will be entitled to an instruction that "attempt to evade an income tax for one year is a separate offense from the attempt to evade income tax for a different year."  Eighth Circuit Model Jury Instr. 6.26.7201.  Therefore, to the extent the government cannot convince a finder of fact beyond a reasonable doubt that no act of evasion occurred with respect to the

2

Defendant's taxes after January 4, 2011, Defendant will be entitled to a judgment of acquittal as to Count I.  However, at this time, the government has alleged and the Defendant is on notice of such acts.  Therefore, her motion to dismiss Count I should be overruled.

        Respectfully submitted,

        CARRIE COSTANTIN
        Acting United States Attorney
        */s/* Thomas C. Albus
        Thomas C. Albus #46224MO
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri 63102
        (314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2017, the foregoing was filed electronically under seal with the Clerk of the Court and a copy was sent via electronic mail to Robert Wolfrum, Esq., the attorney for the defendant.

        */s* Thomas C. Albus
        Assistant United States Attorney